No. 315

THOMPSON v. MARBLE CLIFF QUARRIES CO.

Ohio Appeals, 2nd Dist., Franklin County
No. 1177. Decided March 6, 1924

1283. WORKMEN'S COMPENSATION — Under 1465-93 GC. a minor, who accepts compensation, cannot sue—Where child accepts compensation, father cannot sue for loss of services or wages—Wisdom or propriety of legislation cannot be determined by court.

883. PARENT AND CHILD—Right of parent to wages of minor held not a vested or property right.

ALLREAD, J. Epitomized Opinion
Published Only in Ohio Law Abstract

Greenville Thompson sued for loss of earnings of his son, John Thompson, age 15 years 10 months, an employe of the Marble Cliff Quarries Co., resulting from injuries occasioned from the use of dangerous machinery.

The defendant among its defenses set forth compliance with the Workmen's Compensation Law, application by the employe for compensation, and payment of an award duly made. A reply was filed setting forward that the son was not emancipated for services with defendant and that plaintiff did not consent but objected thereto. A demurrer to the reply was sustained and the petition was dismissed. In sustaining the judgment of the lower court, the Court of Appeals held:

1 Under 1465-93 GC. a minor is sui juris regardless of whether he is legally or illegally employed and cannot maintain an independent action for damages after he has applied for and received compensation.

2. 1465-93 GC. was evidently intended to abrogate the collateral actions in Workmen's Compensation cases and to abolish the common law right of the father to sue for loss of services and wages; therefore the instant action cannot be maintained.

3. Although a parent may have a right to the services and wages of his minor son, yet that right is not a property or vested right and is subject to statutory changes in the interest of the child or of the public welfare.

4. While the father has a natural right to the custody of his minor child, yet the regulation and control of that right is vested in the legislature, and where the legislature has abolished that right to a certain extent (1465-93 GC.), the wisdom or propriety of such a measure cannot be altered or changed by the court.

Attorneys—Frank S. Monnett, for Thompson; Ballard, Jones & Price and William F. Ford, for Quarries Co.; all of Columbus.